IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD BOWERS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: 4:17-cv-00183 |
| v. | § § § | JURY DEMANDED |
| FRED HAAS TOYOTA WORLD | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Ronald Bowers ("Plaintiff") individually and behalf of all others similarly situated, files this lawsuit as a collective action against Fred Haas Toyota World ("Fred Haas"), to recover unpaid overtime wages, lost wages, liquidated damages and attorney's fees and in support thereof, would respectfully show the Court as follows:

### I.
### NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("the FLSA") to correct unlawful employment practices, including Defendant's

1

failure to abide by wage and hour laws.  This collective action seeks to recover unpaid wages, and other damages owed by Defendant to its current and former employees.

## II.
### JURISDICTION AND VENUE

2. Plaintiff's claims arise under the FLSA. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Plaintiff transacted business within this judicial district and a substantial part of the events or omissions giving rise to this complaint occurred in this district. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce and their work was essential to the Defendants' business.

## III.
### THE PARTIES

4. Plaintiff, Ronald Bowers, is an individual that resides in Harris County, Texas. Mr. Bowers is a current employee of Defendant. In performing his duties for the Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce. Plaintiff regularly worked over forty (40) hours in a workweek. Plaintiff did not receive overtime pay. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

5. Defendant, Fred Haas Toyota World, is a Texas Domestic Limited Partnership

under the name of Fred Haas Motors, LTD headquartered in Harris County, Texas may be served with process by serving its registered agent, Boude E. Storey, at 11757 Katy Freeway, Suite 1010, Houston, Texas 77079.

## IV.
### FACTS

6. At all times relevant to this lawsuit, Defendant, Fred Haas Motors, LTD owns and operates Fred Haas Toyota World at 20400 I-45 North, Spring, Texas 77373. Defendant was, and remains an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.29 U.S.C. § 203, and is subject to the FLSA.

7. Plaintiff was employed by Defendant to work in the parts department where his duties included pulling orders and shipping and receiving parts for the Service Department at Fred Haas Toyota World. In performing his duties for a Defendant, Plaintiff, and other similarly situated employees, are engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce on the interstate highways, and conducting transactions through commerce, at all relevant times within the meaning of the FLSA. 29 U.S.C. 203(g).

8. Plaintiff, and other similarly situated employees, regularly worked in excess of forty (40) hours in a workweek for Defendant. For the hours that Defendant actually paid Plaintiff and similarly-situated employees, Defendant paid them the same regular rate regardless of the number of hours worked.

9. When Plaintiff and similarly-situated employees' total remuneration is divided by the total hours worked, it results in a regular rate of pay that is less than the minimum wage. Plaintiff and similarly-situated employees were entitled to overtime pay at one and one-half

times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. Defendant violated the FLSA because they did not pay Plaintiff and similarly-situated employees overtime pay.

10. Defendant has not made a good faith effort to comply with the FLSA. Defendant has knowingly, willfully, and/or with reckless disregard, carried out an illegal pattern or practice regarding payment of wages to Plaintiff.

11. Upon information and belief, others similarly situated employees also customarily and regularly work(ed) hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiffs.

## V.
### PLAINTIFF'S INDIVIDUAL ALLEGATIONS

12. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

13. As a non-exempt employee, Plaintiff was legally entitled to be paid at least the minimum wage at and one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

14. Defendant failed to pay Plaintiff at the minimum wage and failed to pay Plaintiff at one and one-half time his regular rate of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek. As a result, Plaintiff did not receive wages he was legally entitled to receive.

15. Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff's rights.

16. As a result if Defendant's willful violations of the FLSA, Plaintiff is entitled to

reimbursement of unpaid wages, unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees, cost and disbursements incurred in this action pursuant to 29 U.S.C § 216(b).

## VI.
### COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff reasserts and incorporates by reference all of the above-numbered paragraphs.

18. Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

19. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). The class is properly identified as follows:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant, who were not paid at the minimum wage and were not paid at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) in a workweek.

## VII.
### CAUSES OF ACTION

20. Defendant's practices of not paying Plaintiff and similarly-situated employees at the minimum wage and failing to pay at one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek are direct violations of the FLSA.

21. Plaintiff and similarly-situated employees are entitled to payment at the minimum wage and are entitled to unpaid overtime wages.

5

22. Plaintiff and similarly-situated employees are entitled to liquidated damages in an amount equal to their unpaid wages and unpaid overtime pay as a result of Defendant's failure to comply with the FLSA.

23. Plaintiff and similarly-situated employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## VIII.
### JURY DEMAND

24. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury demand and herein submits the jury fee.

## IX.
### PRAYER

For the reasons set forth above, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and for the following relief:

    a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

    b. judgment awarding Plaintiff and similarly situated employees all unpaid wages and unpaid overtime pay, liquidated damages, and attorneys' fees and costs under the FLSA;

    c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. all such other and further relief to which Plaintiff and similarly-situated employees may show themselves to be justly entitled.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No. 713316
2603 Augusta Drive, 14th Floor
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
alfonso.kennard@kennardlaw.com

**OF COUNSEL FOR PLAINTIFF:**

Keenya Harrold
Texas Bar No. 24039664
Southern District Bar No. 897938
2603 Augusta Dr., 14th Floor
Houston, Texas 77057
Main:(713) 742-0900
Fax: (713) 742-0951
keenya.harrold_@kennardlaw.com